UNITED STATES BANKRUPTCY COURT

In Re:

Poche, David § 
§ 
§ CASE NO.
§ 
Debtor(s) § Chapter 13 Proceeding
§

**WAGE ORDER REQUEST**

The Debtor(s) in the above captioned case submits the following wage order request:

.I hereby request my Chapter 13 Trustee, S.J. Beaulieu, Jr., to serve my employer **City of Kenner** with a Wage Order. I understand that I am responsible for making my plan payments to the Trustee until my employer begins making the payments pursuant to the future wage order. (typically 40 days) I also understand that I am responsible for making my payments to the trustee if my income from the above employer ends or is interrupted for any reason. This wage order does not impact my direct pay creditors and I will continue to make them as outlined in my plan

My plan payment is, **$845.00**. I am paid as follows: **B** :

☐ WEEKLY (W)       ☐ BI-WEEKLY (B)
☐ SEMI MONTHLY (S) ☐ MONTHLY (M)

My employer may be served as follows:

City of Kenner
1801 Williams Blvd
Kenner, LA 70062

. *Executed on August 5, 2009.*

/s/ David Poche
/S/ David Poche                                    /s/

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: **David Poche**　　　　　　　　　　　　　　CASE NO

　　　　Debtor(s)　　　　　　　　　　　　　　　　CHAPTER   **13**

## CHAPTER 13 PLAN  *WAGE ORDER*

**BUDGET INFORMATION**

| | |
|---|---:|
| Total Monthly Income | $2,862.67 |
| Expenses | $2,002.00 |
| Difference | $860.67 |

**ANALYSIS OF PLAN:** Debtor shall submit such portion of future income to the supervision and control of the Trustee as is necessary for the execution of this Plan, as follows:

| | |
|---|---:|
| A. Monthly Payment (if variable, attach payment schedule) *30 Days* | $845.00 |
| B. Duration: **60 months**   Date Payments Start: *30 Days* | |
| C. Gross Amount from Debtor (for plan duration) | $50,700.00 |
| D. Trustee's Comp. and Expense Fund (10% of C) | $5,070.00 |
| E. Net Available to Creditors | $45,630.00 |

**F. SECURED CLAIMS:** The Debtor proposes to pay ~~[redacted]~~ as set forth below. Unless otherwise indicated below, **Debtor's payments will be distributed pro rata among all secured claims** on a monthly basis.

| Creditor | Total Claim | Collateral Value/ Secured Claim | Int. Rate | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|---|---|---|
| GMAC Auto Finance | $16,703.00 | $16,000.00 | 5% | Pro-Rata | 3-27 | $17,779.59 |
| **F.1** | | | | | **Total Secured Claims:** | **$17,779.59** |

F.2   **LIEN RELEASE:** The holder of each secured claim shall retain the lien on the collateral securing its claim. Once a secured creditor (other than a creditor paid directly pursuant to this plan under 11 U.S.C. § 1322(b)(2) & (b)(5)), has received payments which satisfy the creditor's secured claim, the creditor shall release the lien(s) securing its claim, except to the extent the Internal Revenue Code or the Bankruptcy Code operate to provide otherwise.

G.   **PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, except to the extent the holder of such claim agrees to a different treatment, as specified below.   **Debtor's payments will be distributed pro rata among all priority unsecured claims** on a monthly basis subsequent to Trustee's distribution on secured claims, unless otherwise provided as specified below.

| Creditor | Type of Priority | Priority Amount | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Total |
|---|---|---|---|---|---|
| Harrington & Myers | Attorney Fees | $2,224.00 | *1st Funds* | | $2,224.00 |
| **G.1** | | | | **Total Priority Claims:** | **$2,224.00** |

G.2   Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: **David Poche**            CASE NO

Debtor(s)            CHAPTER    13

## CHAPTER 13 PLAN
Continuation Sheet # 1

H. **GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:** To the extent this plan classifies claims, the same treatment is provided for each claim within a particular class. The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims and paid by the Trustee as specified below.

| Creditor | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|
| *(None)* | | | |

| | | |
|---|---|---|
| H.1 | Total unsecured claims separately treated, if any: | $0.00 |
| I. | Amount available for general unsecured claims (Line E) - (Lines F.1 + G.1 + H.1) | $25,626.41 |
| J. | Anticipated total general unsecured claims (excluding separately treated claims) | $61,505.00 |
| K. | Anticipated minimum percentage payment for other general unsecured claims (excluding separately treated claims) | 42% |

Note: The percentage shown is for the purposes of estimation only. It is based upon the amount of debt listed by the debtor in the schedules filed with the Court. If actual allowed claims are different than those scheduled by the debtor, the percentage paid to unsecured creditors may change.

L. The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines F, G, H). ~~The~~ ~~[redacted]~~
General unsecured claims which are not filed shall not receive distribution from the Trustee.

M. These claims shall be paid by Debtor directly to the creditor pursuant to this plan.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| Washington Mutual | House | Secured |
| HSBC | 4-wheeler — paid by 3rd party | |

N. These secured claims and liens are provided for by Debtor surrendering the collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), including setoffs of prepetition tax refunds, cash collateral, and any creditor's exercise of reclamation rights.

| Creditor | Type of Lien | Collateral | Value |
|---|---|---|---|
| ~~[redacted]~~ | | | |

O. **INSURANCE:** If required under a security instrument, an assumed executory contract or an assumed lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence that is a creditor's sole security, then the insurance maintained must comply with the mortgage and deed of trust.

P. These **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned under 11 U.S.C. §§ 1322(a)(7) and 365.

| Creditor | Property Description | Election: (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| None | | | |

Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor. Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph L.

Q. The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this Case.

R. All property of Debtor's Estate shall vest in Debtor    ☐ upon Debtor's Plan being confirmed;    ☑ upon Debtor receiving a discharge under 11 U.S.C. § 1328 or Debtor's Case being dismissed. The automatic stay shall remain in effect as to all property of the Debtor and Debtor's estate pursuant to 11 U.S.C. § 362(c), except as further ordered by the Court.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: **David Poche**  CASE NO

*Debtor(s)*  CHAPTER **13**

# CHAPTER 13 PLAN
*Continuation Sheet # 2*

---

S. **NON-STANDARD PROVISIONS**

**Unsecured claim(s)**
LOUISIANA STATE DEFENSE OF PRESCRIPTION SPECFICALLY PLEAD & RAISED. SCHEDLUED CLAIM PER 11 USC 521. . NO ACKNOWLEDGEMENT OF DEBT IS MADE BY THIS SCHEDULING ON SCHEDLUE "F". DEBT IS SPECFICALLY DISPUTED; TO AVOID 11 USC 105 IMPOSITION OF ATTORNEY FEES/SANCTIONS, CREDITORS MUST REBUTT THIS DEFENSE WITH ANY FILED PROOF OF CLAIM

I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

**Dated:** 08/06/2009  /s/ David Poche
**David Poche**

/s/ Elisabeth D. Harrington
**Elisabeth D. Harrington**
*Attorney for Debtor(s)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: **David Poche**            CASE NO

*Debtor(s)*            CHAPTER    **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 3*

### LIQUIDATION ANALYSIS

| PROPERTY | MARKET VALUE | LIENS | DEBTOR'S EQUITY | EXEMPT AMOUNT | BALANCE |
|---|---|---|---|---|---|
| Real Property | $123,250.00 | $58,404.00 | $64,846.00 | $35,000.00 | $29,846.00 |
| Checking accounts, CD's etc. | $1,010.00 | $0.00 | $1,010.00 | $1,000.00 | $10.00 |
| Household goods and furnishings | $10,585.00 | $0.00 | $10,585.00 | $10,585.00 | $0.00 |
| Wearing apparel | $2,583.00 | $0.00 | $2,583.00 | $2,583.00 | $0.00 |
| IRA's, other pension plans | $39,000.00 | $0.00 | $39,000.00 | $39,000.00 | $0.00 |
| Other contingent and unliquidated claims | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Motor vehicles and accessories | $31,500.00 | $23,525.00 | $10,000.00 | $7,500.00 | $2,500.00 |
| TOTAL: | $207,928.00 | $81,929.00 | $128,024.00 | $95,668.00 | $32,356.00 |

**Summary of Liquidation Results**

| | |
|---|---|
| Amount Available on Liquidation: | $128,024.00 |
| Less Exempted Amounts: | $95,668.00 |
| Less Liquidation Expenses: | $0.00 |
| Less Administrative Fees: | $10,300.00 |
| Remaining Balance: | ~~$22,056.00~~ |
| Payments to Priority Claims: | $0.00 |
| Available to General Unsecured: | ~~$████~~ |
| Total of General Unsecured under Chapter 7: | $61,505.00 |
| Percent Distribution under Chapter 7: | 35.86% |

*Liq = $20,260* (handwritten)